FILED
IN OPEN COURT
JUL 22 2026
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | CRIMINAL NO. 2:26-cr-72 |
| KEYONG CHEN | 18 U.S.C. § 1349<br>Conspiracy to Commit Wire Fraud<br>(Count 1) |
| *Defendant.* | 18 U.S.C. § 371<br>Conspiracy to Commit Interstate Transportation of Stolen Property<br>(Count 2) |
| | 18 U.S.C. § 981(a)(1)(C) and 982(a)(1);<br>28 U.S.C. § 2461(c)<br>Criminal Forfeiture |

**INDICTMENT**

JULY 2026 TERM - At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

**COUNT ONE**

Beginning in or about April 2025 and continuing through in or about June 2026, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, the defendant KEYONG CHEN ("Chen"), and other co-conspirators both known and unknown to the Grand Jury, knowingly and unlawfully combined, conspired, confederated and agreed together and with each other to commit one or more of the following offenses against the United States, and to attempt one of the following offenses, that is: to knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and did transmit and cause to be transmitted

by means of wire, radio, and television communication, in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds for the execution of such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

WAYS, MANNER, AND MEANS

1. The purpose of the conspiracy was for the defendant and other co-conspirators both known and unknown to the Grand Jury, to obtain alternative forms of currency such as cryptocurrency or gold bullion by fraudulently misrepresenting factual circumstances to victims whom they would text and call.

2. It was a part of the conspiracy that the scheme would begin with a text message popping up on a victim's phone.

3. It was further a part of the conspiracy that the message purported to be from an unknown individual, which stated that there was an Apple Pay transaction detected. The message provided a phone number to call for verification.

4. It was further a part of the conspiracy that a victim would call the number provided, and through a series of fraudulent misrepresentations, the call recipient—a co-conspirator unknown to the Grand Jury—would convince a victim to ultimately withdraw money from their bank account, convert it to either cryptocurrency or gold bullion, and, in some instances, give it to a courier.

5. In furtherance of the conspiracy and to accomplish its objects, the defendant, and other co-conspirators unknown to the Grand Jury, committed and caused to be committed the following acts, among others, in the Eastern District of Virginia and elsewhere:

6. On various dates throughout the life of the conspiracy, a victim who called the purported verification number discussed above would be told by the call recipient—a co-conspirator unknown to the grand jury—that there was suspicious activity in one of the victims' bank accounts, including possible transfers of funds abroad associated with child sexual abuse material.

7. It was further a part of the conspiracy that the person who answered the phone call—a co-conspirator unknown to the Grand Jury—would ask the victims for information about the financial institutions with which they banked.

8. It was further a part of the conspiracy that the person who answered the phone call generated what the person described as an "FTC case number," and would transfer the victim to a purported security official with the financial institution at which the victim told the person he banked.

9. It was further a part of the conspiracy that the purported security officer, a conspirator unknown to the Grand Jury, would inform a victim of the need to transfer money to void a suspicious transaction.

10. It was further a part of the conspiracy that a conspirator unknown to the Grand Jury would instruct victims to purchase cryptocurrency to send to the conspirators.

11. It was further a part of the conspiracy that a conspirator unknown to the Grand Jury would then instruct victims that, in order to gain a new Social Security number, they needed to withdraw additional funds from their financial institutions, purchase gold bullion with the currency, and wait for a courier to pick up the bullion.

12. It was further a part of the conspiracy that a conspirator unknown to the Grand Jury would provide a badge number and quote portions of the federal statutes related to child sexual abuse material and bank fraud that victims had purportedly violated in an effort to convince the victim to clear out a bank account.

13. It was further a part of the conspiracy that a conspirator unknown to the Grand Jury would instruct victims not to talk to anyone about their case and, in exchange, the conspirator would not issue an arrest warrant.

14. It was further a part of the conspiracy that, in or about April 2025 and May 2025, CHEN was the courier whom a co-conspirator unknown to the Grand Jury referenced.

## ACTS AND ATTEMPTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to accomplish its objects, the defendant and other co-conspirators unknown to the Grand Jury, committed and caused to be committed the following acts, among others, in the Eastern District of Virginia and elsewhere:

15. It was a part of the conspiracy that Chen knowingly picked up a package from victims on May 9, 2025. The victims had purchased what was purported to be $200,000 in gold bullion; however, the victims had previously contacted law enforcement after providing other co-conspirators unknown to the Grand Jury with approximately $20,000 in cryptocurrency, approximately $60,000 in gold bullion, and $200,000 in gold bullion, all on different dates, and law enforcement provided the victims with fake gold bullion to provide to Chen. Chen thus attempted to commit the fraud.

16. Law enforcement observed the transaction, watched Chen put the package of fake gold in the car, followed Chen, and stopped Chen in the Eastern District of Virginia the same day, May 9, 2025.

17. Chen stated to law enforcement, in sum and substance, that he was attempting to drive from the Eastern District of Virginia to Flushing, New York, when law enforcement stopped him.

(Title 18, United States Code, Section 1349)

**COUNT TWO**

(Conspiracy to Commit Interstate Transportation of Stolen Property)

The Grand Jury further charges:

18. The allegations in the previous paragraphs are incorporated by reference.

19. From on or about April 2025 to on or about June 2026, in the Eastern District of Virginia and elsewhere, Chen and co-conspirators unknown to the Grand Jury knowingly and willfully conspired and agreed together and with each other, to defraud the United States of and concerning its governmental functions and rights, hereafter and above described.

20. It was a part and an object of the conspiracy that CHEN and others unknown would and did knowingly transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, securities and money, of the value of at least $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title 18 United States Code Section 2314, and did attempt to do to the same.

21. On or about May 9, 2025, in the Eastern District of Virginia, the defendant, KEYONG CHEN did unlawfully transport, transmit, and transfer in interstate commerce, and attempt to do so, from Virginia Beach, Virginia, to Flushing, New York, stolen goods, wares, and merchandise, that is, purported gold bullion, purportedly of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud.

(Title 18, United States Code, Section 371)

**CRIMINAL FORFEITURE**

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of either of the violations alleged in Counts One and Three of this Indictment, shall forfeit to the United States, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. The defendant, if convicted of the violation alleged in Count Two of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, involved in the violation, and any property traceable to such property.

3. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); and Title 28, United States Code, Section 2461(c).)

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

*United States v. Keyong Chen*
Criminal No. 2:26-cr-72

A TRUE BILL:

REDACTED COPY

____________________________
FOREPERSON

Todd W. Blanche
Acting Attorney General

Theophani K. Stamos
First Assistant United States Attorney

By: ____________________________

Clayton D. LaForge
Assistant United States Attorney
Virginia Bar No.: 84075
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address – clayton.laforge@usdoj.gov